## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **UNILOC USA, INC.** and<br><br>**UNILOC SINGAPORE PRIVATE LIMITED**,<br><br>Plaintiffs,<br><br>v.<br><br>**(1) NATIONAL INSTRUMENTS CORP.;**<br>**(2) PERVASIVE SOFTWARE, INC.;**<br>**(3) ADOBE SYSTEMS INC.;**<br>**(4) FILEMAKER, INC.;**<br>**(5) SAFENET, INC.;**<br>**(6) CA, INC.;**<br>**(7) PINNACLE SYSTEMS, INC.;**<br>**(8) SONIC SOLUTIONS;**<br>**(9) ONYX GRAPHICS, INC.;**<br>**(10) SYMANTEC CORP.;**<br>**(11) ALADDIN KNOWLEDGE SYSTEMS,**<br>**    INC. and**<br>**(12) ALADDIN KNOWLEDGE SYSTEMS**<br>**    LTD.**<br><br>Defendants. | Civ. Action No.:  6:10cv472<br><br><br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Singapore Private Limited (together "Uniloc" or "Plaintiffs"), as and for their Complaint against defendants, National Instruments Corp. ("NI"), Pervasive Software, Inc. ("Pervasive"), Adobe Systems Inc. ("Adobe"), FileMaker, Inc., ("FileMaker"), SafeNet, Inc. ("SafeNet"), CA, Inc. ("CA"), Pinnacle Systems, Inc. ("Pinnacle"), Sonic Solutions ("Sonic"), Onyx Graphics, Inc. ("Onyx"), Symantec Corp. ("Symantec"), Aladdin Knowledge Systems, Inc. ("Aladdin"), and Aladdin Knowledge Systems Ltd. ("Aladdin Israel"), (together "Defendants"), demand a trial by jury and allege as follows:

## JURISDICTION AND VENUE

1.      This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et al*.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.      Upon information and belief, each of the Defendants directly and/or indirectly: regularly solicits and conducts business within this judicial district, derives revenue from business transacted within this judicial district, and/or has committed acts of patent infringement within this judicial district.

3.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b), (c) and/or § 1400(b).

## THE PARTIES

4.      Plaintiff Uniloc USA, Inc. is a Texas corporation having a principal place of business at 2151 Michelson Drive, Irvine, California 92612.  Uniloc USA, Inc. also maintains places of business at 100 E. Ferguson Street, Suite 608-A, Tyler, Texas 75702 and a sales office in Plano, Texas.

5.      Plaintiff Uniloc Singapore Private Limited is a Singapore Corporation having a principal place of business at 80 Raffles Plaza, # 33-00 UOB Plaza I, Singapore 048624.

6.      On information and belief, NI is a Delaware corporation having a principal place of business at 11500 North MoPac Expressway, Austin, Texas where it regularly conducts business in this District.  NI also regularly conducts business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint and through its ecommerce website www.ni.com.  On information and belief, NI's designated agent for service of process in Texas is James T. Truchard, 11500 North MoPac Expressway, Building B, Austin, Texas 78759.

7.      On information and belief, Pervasive is a Delaware corporation having a principal place of business at 12365-B Riata Trace Parkway, Austin, Texas 78727 where it regularly conducts business in this District.  Pervasive regularly conducts business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint and through its ecommerce website www.pervasive.com.  On information and belief, Pervasive's designated agent for service of process in Texas is Nancy Woodward, 8821 Bell Mountain Drive, Austin, Texas 78730.

8.      On information and belief, Adobe is a Delaware corporation having a principal place of business at 345 Park Drive, San Jose, California.  Adobe also regularly conducts business in this jurisdiction at 101 E. Park Boulevard, Suite 521, Plano, Texas, 15950 Dallas Parkway, Suite 400, Dallas, Texas and 8205 Amasia, Austin, Texas.  Through its offices in Texas and elsewhere, Adobe does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint, by shipping infringing products directly and/or indirectly into this District, and through its ecommerce website www.adobe.com.  On information and belief, Adobe's designated agent for service of process in Texas is Corporation Service Company d/b/a/ CSC, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

9.      On information and belief, FileMaker is a Delaware corporation having a principal place of business at 5201 Patrick Henry Drive, Santa Clara, California.  FileMaker also regularly conducts business in this jurisdiction at 5845 Concord Lane, Lewisville, Texas.  Through its offices in Texas and elsewhere, FileMaker does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint, by shipping infringing products directly and/or indirectly into this District, and

through its ecommerce website www.filemaker.com.  On information and belief, FileMaker's designated agent for service of process in Texas is CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

10.     On information and belief, SafeNet is a Delaware corporation having a principal place of business at 4690 Millennium Drive, Belcamp, Maryland.  SafeNet does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint, by shipping infringing products directly and/or indirectly into this District, and through its ecommerce website www.safenet-inc.com. SafeNet does not have a designated agent for service of process in Texas.  SafeNet may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve SafeNet at its principal place of business at 4690 Millennium Drive, Belcamp, Maryland 21017 via Certified Mail – Return Receipt Requested.

11.     On information and belief, CA is a Delaware corporation having a principal place of business at One CA Plaza, Islandia, New York.  CA also regularly conducts business in this jurisdiction at 5465 Legacy Drive, Plano, Texas and Three Memorial City Plaza, 840 Gessner, Suite 700, Houston, Texas.  Through its offices in Texas and elsewhere, CA does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint and through its ecommerce website www.ca.com.  CA may be served with service of process by serving a copy of the Complaint on its registered agent for service: United States Corporation Co., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

12.     On information and belief, Pinnacle is a California corporation having a principal

place of business at 280 North Bernardo Avenue, Mountain View, California.  Pinnacle does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint, by shipping infringing products directly and/or indirectly into this District, and through its ecommerce website www.pinnaclesys.com.  Pinnacle does not have a designated agent for service of process in Texas. Pinnacle may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Pinnacle at its principal place of business at 280 North Bernardo Avenue, Mountain View, California 94043 via Certified Mail – Return Receipt Requested.

13. On information and belief, Sonic is a California corporation having a principal place of business at 7250 Redwood Boulevard, Suite 300, Novato, California 94945.  Sonic does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint, by shipping infringing products directly and/or indirectly into this District, and through its ecommerce website www.sonic.com. Sonic does not have a designated agent for service of process in Texas.  Sonic may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Sonic at its principal place of business at  7250 Redwood Boulevard, Suite 300, Novato, California 94945 via Certified Mail – Return Receipt Requested.

14. On information and belief, Onyx is a Delaware corporation having a principal place of business at 6915 South high Tech Drive, Salt Lake City, Utah.  Onyx does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent

infringement giving rise to this complaint, by shipping infringing products directly and/or indirectly into this District, and through its ecommerce website www.onyxgfx.com.  Onyx does not have a designated agent for service of process in Texas.  Onyx may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Onyx at its principal place of business at 6915 South high Tech Drive, Salt Lake City, Utah 84047 via Certified Mail – Return Receipt Requested.

15.     On information and belief, Symantec is a Delaware corporation having a principal place of business at 350 Ellis Street, Mountain View, California.  Symantec also regularly conducts business at 738 Highway 6 S., Suite 850, Houston, Texas, 810 Hesters Crossing Road, Round Rock,. Texas, 6750 W. Loop S., Suite 500, Houston, Texas, and 15770 Dallas Parkway # 1060, Dallas, Texas.  Through its offices in Texas and elsewhere, Symantec does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint, by shipping infringing products directly and/or indirectly into this District, and through its ecommerce website www.symantec.com.  In addition, Symantec has recognized this Court as convenient to Symantec for the resolution of patent disputes as Symantec filed suit for patent infringement in this District in Civil Action No. 2-04-CV-161.  Symantec may be served with service of process by serving a copy of the Complaint on its registered agent for service: Corporation Service Co. d/b/a/ CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

16.     Upon information and belief, Aladdin is a New York corporation with a principal place of business at 601 W. Campus Drive, Suite 3 C-1, Arlington Heights, Illinois 60004. Aladdin does and solicits business in this jurisdiction by, among other things, committing jointly,

directly and/or indirectly the tort of patent infringement giving rise to this complaint, by shipping infringing products directly and/or indirectly into this District, and through its ecommerce website www.aladdin.com.  Aladdin does not have a designated agent for service of process in Texas. Aladdin may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Aladdin at its principal place of business at 601 W. Campus Drive, Suite3 C-1, Arlington Heights, Illinois 60004 via Certified Mail – Return Receipt Requested.

17.     Upon information and belief, Aladdin Israel is an Israeli corporation with a principal place of business at 35 Efal Street, Kiryat Arye, Petach Tikva 49511 Israel and a U.S. headquarters office at 4690 Millennium Drive, Belcamp, Maryland.  Aladdin Israel does and solicits business in this jurisdiction by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint, by shipping infringing products directly and/or indirectly into this District, and through its ecommerce website www.aladdin.com.  Aladdin Israel does not have a designated agent for service of process in Texas.  Aladdin Israel may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Aladdin Israel at its principal place of business at 601 W. Campus Drive, Suite3 C-1, Arlington Heights, Illinois 60004 via Certified Mail – Return Receipt Requested.

## **COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 5,490,216**

18.     The allegations of paragraphs 1 – 17 above are incorporated herein by reference.

19.     On February 6, 1996, United States patent number 5,490,216, entitled "System for Software Registration" ("the '216 patent"), was duly and legally issued to plaintiff Uniloc Singapore Private Limited, the present owner of the '216 patent. *See*, Ex. A.

20.     Plaintiff Uniloc USA, Inc. is the exclusive licensee of the '216 patent in the United States.

21.     Plaintiff Uniloc USA, Inc. has marked its products with the '216 patent number pursuant to 35 U.S.C. § 287.

22.     On information and belief, NI has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation NI's product activation system and process used with its LabVIEW products that permit customers to activate and/or register software.  Pursuant to 35 U.S.C. § 271, NI is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.  NI's unlawful acts will continue unless and until its infringement is enjoined.

23.     On information and belief, Pervasive has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation Pervasive's PSQL Product Activation system and process that permit customers to activate and/or register software.  Pursuant to 35 U.S.C. § 271, Pervasive is thereby liable for direct and indirect infringement of the '216 patent,

which infringement has caused damage, reparable and irreparable, to Uniloc.   Pervasive's unlawful acts will continue unless and until its infringement is enjoined.

24.     On information and belief, Adobe has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation Adobe's Acrobat and Creative Suite products that permit customers to activate and/or register software.   Pursuant to 35 U.S.C. § 271, Adobe is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.   Adobe's unlawful acts will continue unless and until its infringement is enjoined.

25.     On information and belief, FileMaker has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation its FileMaker Pro and FileMaker Pro Advanced products that permit customers to activate and/or register software.   Pursuant to 35 U.S.C. § 271, FileMaker is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.   FileMaker's unlawful acts will continue unless and until its infringement is enjoined.

26.     On information and belief, SafeNet has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system,

device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation SafeNet's Sentinel HASP SL products that permit customers to activate and/or register software.  Pursuant to 35 U.S.C. § 271, SafeNet is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.  SafeNet's unlawful acts will continue unless and until its infringement is enjoined.

27.      On information and belief, CA has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation CA's Internet Security Suite Plus 2010 product that permits customers to activate and/or register software.  Pursuant to 35 U.S.C. § 271, CA is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.  CA's unlawful acts will continue unless and until its infringement is enjoined.

28.      On information and belief, Pinnacle has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation Pinnacle's Unlock product activation system and process that permit customers to activate and/or register software such as the Pinnacle Studio™ products.  Pursuant to 35 U.S.C. § 271, Pinnacle is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and

irreparable, to Uniloc.  Pinnacle's unlawful acts will continue unless and until its infringement is enjoined.

29.     On information and belief, Sonic has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation Sonic's product activation system and process that permit customers to activate software distributed by Sonic's Roxio division, such as DVDit® 6 Pro.  Pursuant to 35 U.S.C. § 271, Sonic is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.  Sonic's unlawful acts will continue unless and until its infringement is enjoined.

30.     On information and belief, Onyx has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation Onyx's Imagez product that permits customers to activate and/or register software.  Pursuant to 35 U.S.C. § 271, Onyx is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.  Onyx's unlawful acts will continue unless and until its infringement is enjoined.

31.     On information and belief, Symantec has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States

by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation Symantec's Norton AntiVirus 2010 product that permits customers to activate and/or register software.  Pursuant to 35 U.S.C. § 271, Symantec is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.  Symantec's unlawful acts will continue unless and until its infringement is enjoined.

32.     On information and belief, Aladdin and Aladdin Israel have directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation the Aladdin HASP SL system and process that permit customers to activate and/or register software. Pursuant to 35 U.S.C. § 271, Aladdin and Aladdin Israel are thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.  Aladdin and Aladdin Israel's unlawful acts will continue unless and until its infringement is enjoined.

33.     Each defendant's respective acts of infringement have caused reparable and irreparable damage to Uniloc and Uniloc will continue to suffer damage for which remedies at law are inadequate unless each defendant is enjoined.   Considering the balance of the hardships between the parties, a remedy in equity including injunctive relief is warranted and such a remedy would be in the public interest.  Uniloc, therefore, is entitled to injunctive relief under 35 U.S.C. § 283.

34.     Upon information and belief, each defendant has had notice of the '216 patent due, *inter alia*, to the ongoing litigation between Uniloc and Microsoft Corporation regarding the '216 patent, the pending litigation in this District regarding the '216 patent, and the press coverage thereof.  With such knowledge, each defendant has acted despite an objectively high likelihood that its actions constitute infringement of the '216 patent and each defendant has a subjective knowledge of such risk and/or such risk is obvious to defendants.  Nonetheless, each defendant has failed to cease its infringing activities or obtain a license under the '216 patent.  Accordingly, each of the defendant's infringement has been willful, and this case is exceptional, entitling Uniloc to an award of increased damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**WHEREFORE,** Uniloc prays that the Court:

A.     Enter judgment that Defendants have each infringed, directly and/or indirectly, the '216 patent;

B.     Enter judgment that each Defendant's infringement of the '216 patent has been willful;

C.     Temporarily, preliminarily and permanently enjoin Defendants, their parents, subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives, and all parties in active concert and/or participation with them, from engaging in the aforesaid unlawful acts of infringement;

D.     Award Uniloc all damages, including increased damages, caused by Defendants' unlawful acts together with interest thereon;

E.      Award Uniloc its attorney fees and costs incurred in this action, and

F.      Grant Uniloc such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of all issues triable of right by jury.

Respectfully submitted,

**UNILOC USA, INC.** and
**UNILOC SINGAPORE PRIVATE LTD.**


Date: September 14, 2010          By:       Paul J. Hayes  (w/permission Wesley Hill)
                                  Paul J. Hayes
                                  LEAD ATTORNEY
                                  Dean G. Bostock
                                  **MINTZ, LEVIN, COHN, FERRIS,**
                                     **GLOVSKY and POPEO, P.C.**
                                  One Financial Center
                                  Boston, Massachusetts 02111
                                  Tel: (617) 542-6000
                                  Fax: (617) 542-2241

                                  T. John Ward, Jr.
                                  Texas State Bar. No. 00794818
                                  J. Wesley Hill
                                  Texas State Bar. No. 24032294
                                  **WARD & SMITH LAW FIRM**
                                  111 West Tyler St.
                                  Longview, Texas 75601
                                  Tel: (903) 757-6400
                                  Fax: (903) 757-2323
                                  Email: jw@jwfirm.com
                                        wh@jwfirm.com

                                  **Attorneys for Plaintiffs**


4853601