IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA., INC. and | § | |
| | § | |
| UNILOC SINGAPORE PRIVTE LIMITED | § | |
| | § | CIVIL ACTION NO. 6:10-CV-00472-LED |
| Plaintiffs | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| (1) NATIONAL INSTRUMENTS CORP.; | § | |
| (2) PERVASIVE SOFTWARE INC.; | § | |
| (3) ADOBE SYSTEMS INC.; | § | |
| (4) FILEMAKER, INC.; | § | |
| (5) SAFENET, INC.; | § | |
| (6) CA, INC.; | § | |
| (7) PINNACLE SYSTEMS, INC.; | § | |
| (8) SONIC SOLUTIONS; | § | |
| (9) ONYX GRAPHINCS, INC.; | § | |
| (10) SYMANTEC CORP.; | § | |
| (11) ALADDIN KNOWLEDGE | § | |
| SYSTEMS, INC; and | § | |
| (12) ALADDIN KNOWLEDGE | § | |
| SYSTEMS LTD. | § | |
| | § | |
| Defendants | § | |
| | § | |

**PERVASIVE SOFTWARE'S ANSWER AND COUNTERCLAIMS TO UNILOC USA, INC. AND UNILOC SINGAPORE PRIVATE LIMITED'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Pervasive Software Inc. ("Pervasive"), pursuant to Rule 12, Fed. R. Civ. P.,

files its answer and affirmative defenses to the Original Complaint of Plaintiffs Uniloc USA, Inc.

and Uniloc Singapore Private Limited (collectively, "Uniloc") and for its answer shows the

following:

**JURISDICTION AND VENUE**

1.      Pervasive admits that the Complaint alleges infringement under the United Sates patent laws and that this Court has jurisdiction over such matters pursuant to 28 U.S.C. §§ 1331 and 1338.  Pervasive denies any wrongdoing or infringement.

2.      As to the allegations directed to Pervasive in paragraph 2, Pervasive admits that it conducts business with customers residing in this District.  Pervasive is without knowledge or information sufficient to form a belief as to the allegations of paragraph 2 that are directed to other defendants, and therefore denies them.

3.      Pervasive admits that the Complaint alleges venue under 28 U.S.C. §§ 1391 (b), (c), and/or 1400(b), but denies that this District is the most convenient for adjudication of the claims raised by Uniloc in this action.  Pervasive denies any wrongdoing or infringement.

**THE PARTIES**

4.      Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of Uniloc's Complaint, and therefore denies them.

5.      Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of Uniloc's Complaint, and therefore denies them.

6.      Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of Uniloc's Complaint, and therefore denies them.

7.      Pervasive admits that it is a Delaware corporation having a principal place of business at 12365-B Riata Trace Parkway, Austin, Texas 78727.  Pervasive admits that it conducts business with customers residing in this District.  Pervasive denies that it has committed the tort of patent infringement.  Pervasive denies that the address of its agent for service of process is 8821 Bell Mountain Dr., Austin, Texas 78730.

8.    Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of Uniloc's Complaint, and therefore denies them.

9.    Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of Uniloc's Complaint, and therefore denies them.

10.    Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of Uniloc's Complaint, and therefore denies them.

11.    Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of Uniloc's Complaint, and therefore denies them.

12.    Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of Uniloc's Complaint, and therefore denies them.

13.    Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of Uniloc's Complaint, and therefore denies them.

14.    Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of Uniloc's Complaint, and therefore denies them.

15.    Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of Uniloc's Complaint, and therefore denies them.

16.    Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of Uniloc's Complaint, and therefore denies them.

17.    Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of Uniloc's Complaint, and therefore denies them.

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,490,216

18.    Pervasive incorporates its responses to paragraphs 1-17 as if set forth fully herein.

19.     Pervasive admits that U.S. Patent No. 5,490,216 ("the '216 patent") is entitled "System for Software Registration."  Pervasive is without knowledge or information sufficient to form a belief as to whether the '216 patent was duly and legally issued and therefore denies that allegation.  Pervasive is without knowledge or information sufficient to form a belief as to the ownership of the '216 patent and therefore denies that allegation.

20.     Pervasive is without knowledge or information sufficient to form a belief as to whether Uniloc USA, Inc. is the exclusive licensee of the '216 patent in the United States and therefore denies that allegation.

21.     Pervasive is without knowledge or information sufficient to form a belief as to whether Uniloc USA, Inc. has marked its products with the '216 patent number pursuant to 35 U.S.C. 287, and therefore denies that allegation.

22.     Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 of Uniloc's Complaint, and therefore denies them.

23.     Pervasive denies the allegations of paragraph 23 of Uniloc's Complaint. Pervasive further denies that it has infringed, directly or indirectly, literally, or by the doctrine of equivalents, any valid and enforceable claim of the '216 patent.

24.     Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of Uniloc's Complaint, and therefore denies them.

25.     Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of Uniloc's Complaint, and therefore denies them.

26.     Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 of Uniloc's Complaint, and therefore denies them.

27.     Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 of Uniloc's Complaint, and therefore denies them.

28.     Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 of Uniloc's Complaint, and therefore denies them.

29.     Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 of Uniloc's Complaint, and therefore denies them.

30.     Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 of Uniloc's Complaint, and therefore denies them.

31.     Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of Uniloc's Complaint, and therefore denies them.

32.     Pervasive lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 of Uniloc's Complaint, and therefore denies them.

33.     Pervasive denies the allegations of paragraph 33 of Uniloc's Complaint.

34.     Pervasive denies the allegations of paragraph 34 of Uniloc's Complaint.

## PRAYER FOR RELIEF

35.     Pervasive denies that Uniloc is entitled to any of the requested relief and denies any and all such allegations in paragraphs A through F of its Prayer for Relief.  Pervasive denies any wrongdoing or infringement of the '216 patent.

## AFFIRMATIVE DEFENSES

Pervasive alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that they would not otherwise have.  In addition to the defenses described below and subject to its responses above, Pervasive specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

36.     Pervasive does not infringe and has not infringed, directly or indirectly, literally, or by the doctrine of equivalents, any valid and enforceable claim of the '216 patent.

### SECOND AFFIRMATIVE DEFENSE

37.     To the extent that Uniloc asserts that Pervasive indirectly infringes, either by contributory infringement or by inducing infringement, Pervasive is not liable to Uniloc for the acts alleged to have been performed before Pervasive knew that its actions would cause indirect infringement.

Dated: October 25, 2010.

Respectfully submitted,

By: /s/ Aaron J Pickell
Charles D. Huston
State Bar No. 10328950
Aaron J. Pickell
State Bar No. 24051193
Stacy L. Zoern
State Bar No. 24051565
DAFFER MCDANIEL, LLP
700 Lavaca Street, Suite 720
Austin, TX 78701
Tel. (512) 476-1400
Fax (512) 703-1250

**ATTORNEYS FOR PERVASIVE SOFTWARE INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/EMF system pursuant to Local Rule CV-5(a)(2).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 25th day of October, 2010.

/s/ Aaron J. Pickell
Aaron J. Pickell