# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

UNILOC USA, INC. and

UNILOC SINGAPORE PRIVATE LIMITED,
              Plaintiffs,

        v.

NATIONAL INSTRUMENTS CORP., et al.,

              Defendants.

Civil Action No. 6:10-CV-472

**JURY TRIAL DEMANDED**

**SONIC SOLUTIONS' ANSWER TO UNILOC USA, INC. AND UNILOC SINGAPORE PRIVATE LIMITED'S COMPLAINT, ANSWER, AND COUNTERCLAIMS**

Defendant Sonic Solutions ("Sonic") answers the Complaint of Plaintiffs Uniloc USA, Inc. and Uniloc Singapore Private Limited (collectively, "Uniloc" or "Plaintiffs") filed September 14, 2010 ("Complaint") as follows:

## JURISDICTION AND VENUE

1.       Sonic admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Sonic admits that Uniloc purports to state claims arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*, but denies that those claims have any merit.

2.       Sonic denies the allegations of paragraph 2 insofar as they relate to Sonic.  With respect to the remainder of the allegations of paragraph 2, Sonic lacks information upon which to form a belief as to the truth of the allegations, and on that basis denies them.

3.       Sonic admits that venue in the Eastern District of Texas is permissible, but avers that this district is not the most convenient or most appropriate forum for this action.

## THE PARTIES

4.       Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 4, and on that basis denies each and every allegation in paragraph 4.

5.       Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 5, and on that basis denies each and every allegation in paragraph 5.

6.       Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 6, and on that basis denies each and every allegation in paragraph 6.

7.       Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies each and every allegation in paragraph 7.

8.       Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 8, and on that basis denies each and every allegation in paragraph 8.

9.       Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 9, and on that basis denies each and every allegation in paragraph 9.

10.      Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 10, and on that basis denies each and every allegation in paragraph 10.

25392\2428007.1

11.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies each and every allegation in paragraph 11.

12.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 12, and on that basis denies each and every allegation in paragraph 12.

13.     Sonic admits that its principal place of business is at 7250 Redwood Boulevard, Suite 300, Novato, California 94945.  In all other respects not specifically admitted, Sonic denies the allegations of paragraph 13.

14.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 14, and on that basis denies each and every allegation in paragraph 14.

15.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 15, and on that basis denies each and every allegation in paragraph 15.

16.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 16, and on that basis denies each and every allegation in paragraph 16.

17.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 17, and on that basis denies each and every allegation in paragraph 17.

## COUNT 1

### Patent Infringement Against All Defendants
### (U.S. Patent No. 5,490,216)

18.     Paragraphs 1–17 above are incorporated herein by reference.

19.     Sonic admits that United States Patent No. 5,490,216 ("the '216 patent") is entitled "System for Software Registration," and was issued by the United States Patent and Trademark Office on February 6, 1996.  Sonic admits that what purports to be a copy of the '216 patent is attached to Uniloc's Complaint as Exhibit A.  With respect to the remainder of the allegations in paragraph 19, Sonic lacks sufficient information on which to form a belief as to the truth of the allegations, and on that basis denies them.

20.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 20, and on that basis denies each and every allegation in paragraph 20.

25392\2428007.1

21.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 21, and on that basis denies each and every allegation in paragraph 21.

22.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies each and every allegation in paragraph 22.

23.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 23, and on that basis denies each and every allegation in paragraph 23.

24.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 24, and on that basis denies each and every allegation in paragraph 24.

25.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 25, and on that basis denies each and every allegation in paragraph 25.

26.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 26, and on that basis denies each and every allegation in paragraph 26.

27.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 27, and on that basis denies each and every allegation in paragraph 27.

28.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 28, and on that basis denies each and every allegation in paragraph 28.

29.     Sonic denies the allegations of paragraph 29 as they relate to Sonic.  Sonic lacks information upon which to form a belief as to the truth of the remaining allegations in paragraph 29, and on that basis denies them.

30.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 30, and on that basis denies each and every allegation in paragraph 30.

31.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 31, and on that basis denies each and every allegation in paragraph 31.

32.     Sonic lacks information upon which to form a belief as to the truth of the allegations in paragraph 32, and on that basis denies each and every allegation in paragraph 32.

25392\2428007.1

33.    Sonic denies the allegations of paragraph 33 as they relate to Sonic.  Sonic lacks information upon which to form a belief as to the truth of the remaining allegations in paragraph 33, and on that basis denies them.

34.    Sonic denies the allegations of paragraph 34 as they relate to Sonic.  Sonic lacks information upon which to form a belief as to the truth of the remaining allegations in paragraph 34, and on that basis denies them.

**PRAYER FOR RELIEF**

Sonic denies that Plaintiffs are entitled to any relief whatsoever against Sonic in this action, either as prayed for in Plaintiffs' Complaint or otherwise.

**AFFIRMATIVE DEFENSES**

Sonic's Affirmative Defenses are listed below.  Sonic reserves the right to amend its Answer to add Affirmative Defenses, including inequitable conduct, consistent with facts discovered in this case.  By alleging the matters set forth below as Affirmative Defenses, Sonic does not thereby allege or admit that Sonic bears the burden of proof with respect to any of such matters.

**FIRST AFFIRMATIVE DEFENSE**

35.    Uniloc's Complaint fails to state any claim against Sonic upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

36.    Sonic has not infringed, and is not currently infringing, any claims of the '216 patent, either literally or under the doctrine of equivalents.  Use of Sonic's products by Sonic's customers does not constitute infringement of any of the claims of the '216 patent.  Additionally, Sonic has not actively induced infringement of any claims of the '216 patent, and Sonic has not contributed to the infringement of any claims of the '216 patent.

**THIRD AFFIRMATIVE DEFENSE**

37.    Each of the asserted '216 patent claims is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

25392\2428007.1

## FOURTH AFFIRMATIVE DEFENSE

38.     As a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the application for the '216 patent, specifically the admissions, representations, and amendments made on behalf of the applicants for the '216 patent, Plaintiffs are estopped from asserting any construction of the claims of the '216 patent to cover any activity engaged in or product sold by Sonic and/or Sonic's customers.

## FIFTH AFFIRMATIVE DEFENSE

39.     Plaintiffs' claims are barred by the equitable doctrines of laches, estoppel, waiver, implied license, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

40.     Some or all of Plaintiffs' damages, if any, are limited under 35 U.S.C. §§ 286 and/or 287.

## SEVENTH AFFIRMATIVE DEFENSE

41.     Venue is improper in this Court with respect to Sonic.

## EIGHTH AFFIRMATIVE DEFENSE

42.     Sonic reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c), the Patent Laws of the United States, and any other defenses, at law or in equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

*       *       *

## SONIC'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Sonic Solutions ("Sonic") hereby asserts the following counterclaims against Uniloc USA, Inc. and Uniloc Singapore Private Limited (collectively, "Uniloc" or "Counterclaim Defendants"):

## NATURE AND BASIS OF ACTION

1.     This is an action arising under the United States Patent Act, 35 U.S.C. § 271, *et seq*.

25392\2428007.1

## PARTIES

2.      Counterclaim Defendant Uniloc USA, Inc. is, on information and belief, a Texas corporation having a principal place of business at 2151 Michelson Drive, Irvine, California 92612.

3.      Counterclaim Defendant Uniloc Singapore Private Limited is, on information and belief, a Singapore corporation having a principal place of business at 80 Raffles Plaza, #33-00 UOB Plaza I, Singapore 048624..

4.      Counterclaimant Sonic is a corporation organized and existing under the laws of California, having its principal place of business at 7250 Redwood Boulevard, Suite 300, Novato, California 94945.

## JURISDICTION AND VENUE

5.      This is an action for declaratory judgment of non-infringement, unenforceability, and invalidity of United States Patent No. 5,490,216 ("the '216 patent"). This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400. By asserting these counterclaims, Sonic does not waive, and instead expressly preserves, its objections to venue with respect to Plaintiffs' Complaint in this action. *See Rates Tech., Inc. v. Nortel Networks Corp.*, 399 F.3d 1302 (Fed. Cir. 2005).

## GENERAL ALLEGATIONS

7.      On September 14, 2010, Uniloc filed suit against Sonic, claiming infringement of the '216 patent.

8.      The '216 patent is entitled "System for Software Registration." Uniloc alleges that the '216 patent issued on February 6, 1996. Sonic denies infringement and asserts that the '216 patent is invalid.

9.      A justiciable controversy exists between Uniloc and Sonic concerning the infringement, enforceability, and validity of the '216 patent.

25392\2428007.1

10.     A judicial declaration is necessary and appropriate at this time in order that Counterclaimant Sonic may ascertain its rights and duties with respect to the conduct of its affairs, which Plaintiffs have alleged infringe the '216 patent, and to establish that the '216 patent is invalid and/or void.  Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '216 patent against Sonic, and others, including their customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Sonic irreparable injury and damage.

## FIRST COUNTERCLAIM
## (DECLARATION OF NONINFRINGEMENT)

11.     Sonic incorporates paragraphs 1-10 as fully set forth herein.

12.     Sonic has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the '216 patent  asserted by Uniloc in this litigation ("the asserted '216 claims").

13.     Sonic is entitled to a declaratory judgment that Sonic does not infringe the asserted '216 claims.

## SECOND COUNTERCLAIM
## (INVALIDITY OF PATENT-IN-SUIT)

14.     Sonic incorporates paragraphs 1-13 as fully set forth herein.

15.     One or more claims of the '216 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

16.     Sonic is entitled to declaratory judgment that one or more of the claims of the '216 patent are invalid.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Sonic demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Sonic respectfully prays for judgment that:

25392\2428007.1

a)      Uniloc's Complaint is dismissed in its entirety with prejudice;

b)      Uniloc is not entitled to the relief prayed for in its Complaint, or to any relief whatsoever;

c)      The '216 patent is unenforceable against Sonic.

d)      The '216 patent is invalid and void against Sonic;

e)      The '216 patent has never been, and is not now, infringed by Sonic or by any other person using Sonic's products in this judicial district or anywhere in the United States;

f)      No damages or royalties are due or owing by Sonic for any of the acts alleged by Uniloc in its Complaint;

g)      This case is an exceptional case pursuant to 35 U.S.C. § 285, and Sonic is accordingly awarded its reasonable attorneys' fees incurred in this action;

h)      Sonic is awarded its costs (including expert fees), disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

i)      Sonic is awarded such other relief as the Court may deem appropriate, just, and proper under the circumstances.

25392\2428007.1

Dated: November 18, 2010

Respectfully submitted,

/s/ Otis Carroll
Otis Carroll
State Bar No. 03895700
Deborah Johnson Race
State Bar No. 16448700
drace@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX  75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071


Roderick M. Thompson (*Application for Pro Hac Vice admission pending*)
rthompson@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

ATTORNEYS FOR DEFENDANT AND
COUNTERCLAIMANT SONIC
SOLUTIONS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 18th day of November, 2010.


/s/ Otis Carroll

25392\2428007.1