**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>              Plaintiffs,<br><br>Vs.<br><br>(1) NATIONAL INSTRUMENTS CORP.;<br>(2) PERVASIVE SOFTWARE, INC.;<br>(3) ADOBE SYSTEMS INC.;<br>(4) FILEMAKER, INC.;<br>(5) SAFENET, INC.;<br>(6) CA, INC.;<br>(7) PINNACLE SYSTEMS, INC.;<br>(8) SONIC SOLUTIONS;<br>(9) ONYX GRAPHICS, INC.;<br>(10) SYMANTEC CORP.;<br>(11) ALADDIN KNOWLEDGE SYSTEMS,<br>    INC. and<br>(12) ALADDIN KNOWLEDGE SYSTEMS<br>    LTD.<br><br>              Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:10-cv-472<br><br><br><br><br>**JURY TRIAL DEMANDED** |

**FILEMAKER, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO UNILOC USA, INC. AND
UNILOC SINGAPORE PRIVATE LIMITED'S COMPLAINT**

Defendant FileMaker, Inc. ("FileMaker") answers the Complaint of Plaintiffs Uniloc USA, Inc. and Uniloc Singapore Private Limited (collectively, "Uniloc" or "Plaintiffs") filed September 14, 2010 ("Complaint") as follows:

## JURISDICTION AND VENUE

1. FileMaker admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). FileMaker admits that Uniloc purports to state claims arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*, but denies that those claims have any merit.

2. FileMaker denies the allegations of paragraph 2 insofar as they relate to FileMaker. With respect to the remainder of the allegations of paragraph 2, FileMaker lacks information upon which to form a belief as to the truth of the allegations, and on that basis denies them.

3. FileMaker admits that venue in the Eastern District of Texas is permissible, but avers that this district is not the most convenient or most appropriate forum for this action.

## THE PARTIES

4. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 4, and on that basis denies each and every allegation in paragraph 4.

5. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 5, and on that basis denies each and every allegation in paragraph 5.

6. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 6, and on that basis denies each and every allegation in paragraph 6.

7. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies each and every allegation in paragraph 7.

8. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 8, and on that basis denies each and every allegation in paragraph 8.

9. FileMaker admits that it is a Delaware corporation with a principal place of business at 5201 Patrick Henry Drive, Santa Clara, California. FileMaker denies all other allegations in paragraph 9.

10. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 10, and on that basis denies each and every allegation in paragraph 10.

11. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies each and every allegation in paragraph 11.

12. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 12, and on that basis denies each and every allegation in paragraph 12.

13. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 13, and on that basis denies each and every allegation in paragraph 13.

14. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 14, and on that basis denies each and every allegation in paragraph 14.

15. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 15, and on that basis denies each and every allegation in paragraph 15.

16. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 16, and on that basis denies each and every allegation in paragraph 16.

17. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 17, and on that basis denies each and every allegation in paragraph 17.

## COUNT 1

### Patent Infringement Against All Defendants
### (U.S. Patent No. 5,490,216)

18. Paragraphs 1 – 17 above are incorporated herein by reference.

19. FileMaker admits that United States Patent No. 5,490,216 ("the '216 patent") is entitled "System for Software Registration," and was issued by the United States Patent and Trademark Office on February 6, 1996. FileMaker admits that what purports to be a copy of the '216 patent is attached to Uniloc's Complaint as Exhibit "A". With respect to the remainder of the allegations in paragraph 19, FileMaker lacks sufficient information on which to form a belief as to the truth of the allegations, and on that basis denies them.

20. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 20, and on that basis denies each and every allegation in paragraph 20.

21. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 21, and on that basis denies each and every allegation in paragraph 21.

22. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies each and every allegation in paragraph 22.

23. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 23, and on that basis denies each and every allegation in paragraph 23.

24. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 24, and on that basis denies each and every allegation in paragraph 24.

25. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 25, and on that basis denies each and every allegation in paragraph 25.

26. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 26, and on that basis denies each and every allegation in paragraph 26.

27. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 27, and on that basis denies each and every allegation in paragraph 27.

28. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 28, and on that basis denies each and every allegation in paragraph 28.

29. FileMaker denies the allegations of paragraph 29 as they relate to FileMaker. FileMaker lacks information upon which to form a belief as to the truth of the remaining allegations in paragraph 29, and on that basis denies them.

30. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 30, and on that basis denies each and every allegation in paragraph 30.

31. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 31, and on that basis denies each and every allegation in paragraph 31.

32. FileMaker lacks information upon which to form a belief as to the truth of the allegations in paragraph 32, and on that basis denies each and every allegation in paragraph 32.

33. FileMaker denies the allegations of paragraph 33 as they relate to FileMaker. FileMaker lacks information upon which to form a belief as to the truth of the remaining allegations in paragraph 33, and on that basis denies them.

34. FileMaker denies the allegations of paragraph 34 as they relate to FileMaker. FileMaker lacks information upon which to form a belief as to the truth of the remaining allegations in paragraph 34, and on that basis denies them.

## **PRAYER FOR RELIEF**

FileMaker denies that Plaintiffs are entitled to any relief whatsoever against FileMaker in this action, either as prayed for in Plaintiffs' Complaint or otherwise.

## AFFIRMATIVE DEFENSES

FileMaker's Affirmative Defenses are listed below. FileMaker reserves the right to amend its Answer to add Affirmative Defenses, including inequitable conduct, consistent with facts discovered in this case. By alleging the matters set forth below as Affirmative Defenses, FileMaker does not thereby allege or admit that FileMaker bears the burden of proof with respect to any of such matters.

### FIRST AFFIRMATIVE DEFENSE

35.     Uniloc's Complaint fails to state any claim against FileMaker upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

36.     FileMaker has not infringed, and is not currently infringing, any claims of the '216 patent, either literally or under the doctrine of equivalents. Use of FileMaker's products by FileMaker's customers does not constitute infringement of any of the claims of the '216 patent. Additionally, FileMaker has not actively induced infringement of any claims of the '216 patent, and FileMaker has not contributed to the infringement of any claims of the '216 patent.

### THIRD AFFIRMATIVE DEFENSE

37.     Each of the asserted '216 patent claims is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

38.     As a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the application for the '216 patent, specifically the admissions, representations, and amendments made on behalf of the applicants for the '216 patent, Plaintiffs

are estopped from asserting any construction of the claims of the '216 patent to cover any activity engaged in or product sold by FileMaker and/or FileMaker's customers.

## FIFTH AFFIRMATIVE DEFENSE

39. On or about February 24, 2008, Uniloc filed suit against Macrovision Corporation in the United States District Court for the Central District of California, alleging infringement of the '216 patent. On or about March 13, 2008, Macrovision Corporation filed two suits against Plaintiff in the United States District Court for the Northern District of California. (These three suits are collectively referred to hereafter as the "Macrovision Litigation.")

40. Macrovision and Uniloc voluntarily dismissed the claims asserted in the Macrovision Litigation on or about May or June 2008, with prejudice.

41. On information and belief, the terms under which the parties agreed to the dismissal of the Macrovision Litigation included a license to Macrovision to practice the '216 patent.

42. On information and belief, the terms under which the parties agreed to the dismissal of the Macrovision Litigation included a license to Macrovision's licensees to practice the '216 patent through the use of software licensed from Macrovision.

43. On information and belief, the terms under which the parties agreed to the dismissal of the Macrovision Litigation included a release of past damages allegedly arising from Macrovision's purported practice of the '216 patent.

44. On information and belief, the terms under which the parties agreed to the dismissal of the Macrovision Litigation included a release of past damages allegedly arising from the purported practice of the '216 patent by Macrovision's licensees.

45. On information and belief, one effect of the resolution of the Macrovision Litigation was to exhaust any remedies Uniloc is allegedly entitled to arising from Macrovision's and Macrovision's licensees' use of Macrovision software.

46. Uniloc accuses FileMaker of infringement in this suit by reason of FileMaker selling FileMaker Pro and FileMaker Pro Advanced, products that Uniloc claims "permit customers to activate and/or register software."

47. On information and belief, to the extent FileMaker products incorporate or incorporated technology licensed from Macrovision to purportedly "permit customers to activate and/or register software," FileMaker has no liability to Uniloc arising from such products, by reason of, *inter alia*, licenses, releases, waivers, exhaustion, or other protections conveyed from Uniloc to Macrovision and/or Macrovision's licensees.

## SIXTH AFFIRMATIVE DEFENSE

48. Uniloc's claims are barred by the equitable doctrine of laches, estoppels, waiver, implied license, and/or unclean hands.

49. Such equitable defenses include, among other defenses, estoppel arising from the dismissal of Uniloc's claims in the Macrovision Litigation. Because such dismissal was entered with prejudice, Uniloc is estopped from asserting that Macrovision technology infringes the '216 patent.

## SEVENTH AFFIRMATIVE DEFENSE

50. Some or all of Uniloc's damages, if any, are limited under 35 U.S.C. §§ 286 and/or 287.

## EIGHTH AFFIRMATIVE DEFENSE

51. Venue is improper in this Court with respect to FileMaker.

**NINTH AFFIRMATIVE DEFENSE**

52.     FileMaker reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c), the Patent Laws of the United States, and any other defenses, at law or in equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

\* \* \*

**FILEMAKER'S COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 13, FileMaker hereby asserts the following counterclaims against Uniloc USA, Inc. and Uniloc Singapore Private Limited (collectively, "Uniloc" or "Counterclaim Defendants"):

**NATURE AND BASIS OF ACTION**

1.      This is an action arising under the United States Patent Act, 35 U.S.C. § 271 *et seq*.

**PARTIES**

2.      Counterclaim Defendant Uniloc USA, Inc. is, on information and belief, a Texas corporation having a principal place of business at 2151 Michelson Drive, Irvine, California 92612.

3.      Counterclaim Defendant Uniloc Singapore Private Limited is, on information and belief, a Singapore corporation having a principal place of business at 80 Raffles Plaza, #33-00 UOB Plaza I, Singapore 048624.

4.      Counterclaimant FileMaker is a corporation organized and existing under the laws of Delaware with a principal place of business at 5201 Patrick Henry Drive, Santa Clara, California.

**JURISDICTION AND VENUE**

5. This is an action for declaratory judgment of non-infringement, unenforceability, and invalidity of United States Patent No. 5, 490,216 ("the '216 patent"). This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400. By asserting these counterclaims, FileMaker does not waive, and instead expressly preserves, its objections to venue with respect to Plaintiffs' Complaint in this action. *See Rates Tech., Inc. v. Nortel Networks Corp.,* 399 F.3d 1302 (Fed. Cir. 2005).

**GENERAL ALLEGATIONS**

7. On September 24, 2010, Uniloc filed suit against FileMaker, claiming infringement of the '216 patent.

8. The '216 patent is entitled "System for Software Registration." Uniloc alleges that the '216 patent issued on February 6, 1996. FileMaker denies infringement and asserts that the '216 patent is invalid.

9. A justiciable controversy exists between Uniloc and FileMaker concerning the infringement, enforceability, and validity of the '216 patent.

10. A judicial declaration is necessary and appropriate at this time in order that Counterclaimant FileMaker may ascertain its rights and duties with respect to the conduct of its affairs, which Uniloc has alleged infringe the '216 patent, and to establish that the '216 patent is invalid and/or void. Absent a declaration of non-infringement, Uniloc will continue to wrongfully assert the '216 patent against FileMaker and others, including their customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause FileMaker irreparable injury and damage.

**FIRST COUNTERCLAIM**
**(DECLARATION OF NONINFRINGEMENT)**

11. FileMaker incorporates paragraphs 1-10 as fully set forth herein.

12. The '216 patent states:

> Much commercially available software is provided at time of purchase (or license) on a magnetic media, typically a floppy disk. Frequently the only security feature attached to the software is a simple registration number stored on the media. This registration number identifies that particular copy of the software and it is often required at the time of installation of the software onto any given computer that the installer must provide the registration number independently to the installation routines.

13. On information and belief, Uniloc does not contend that the "security feature" implemented by a "simple registration number stored on the media" described above infringes the '216 patent.

14. The only FileMaker products identified by name in Uniloc's complaint are FileMaker Pro and FileMaker Pro Advanced. Uniloc contends these products "permit customers to activate and/or register software."

15. The currently shipping version of FileMaker Pro and FileMaker Pro Advanced is version 11.

16. To the extent that version 11 of FileMaker Pro and FileMaker Pro Advanced "permit[s] customers to activate and/or register software" such software does so only by use of "a simple registration number stored on the media" or otherwise delivered to the user upon download of such software.

17. On information and belief, Uniloc is not presently aware of any good faith basis upon which to assert that version 11 of FileMaker Pro and FileMaker Pro Advanced infringe the '216 patent.

18.     To the extent that version 10 of FileMaker Pro and FileMaker Pro Advanced "permit[s] customers to activate and/or register software" such software does so only by use of "a simple registration number stored on the media" or otherwise delivered to the user upon download of such software.

19.     On information and belief, Uniloc is not presently aware of any good faith basis upon which to assert that version 10 of FileMaker Pro and FileMaker Pro Advanced infringe the '216 patent.

20.     Prior to filing this action, on information and belief, neither Uniloc nor its counsel purchased or otherwise obtained any version of FileMaker Pro or FileMaker Pro Advanced to determine whether, in fact, FileMaker Pro and FileMaker Pro Advanced "permit customers to activate and/or register software" in any fashion covered by the '216 patent.

21.     Prior to filing this action, on information and belief, neither Uniloc nor its counsel undertook any investigation to determine the effect on Uniloc's claims against FileMaker of any license, release, waiver, estoppel, exhaustion, or other protection arising from the Macrovision Litigation.

22.     For at least the reasons stated above, FileMaker has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the '216 patent asserted by Uniloc in this litigation ("the asserted '216 claims").

23.     FileMaker is entitled to a declaratory judgment that FileMaker does not infringe the asserted '216 claims.

## SECOND COUNTERCLAIM
## (INVALIDITY OF PATENT-IN-SUIT)

24.     FileMaker incorporates paragraphs 1-23 as fully set forth herein.

25. One or more claims of the '216 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

26. FileMaker is entitled to declaratory judgment that one or more of the claims of the '216 patent are invalid.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), FileMaker demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, FileMaker respectfully prays for judgment that:

a) Uniloc's Complaint is dismissed in its entirety with prejudice:

b) Uniloc is not entitled to the relief prayed for in its Complaint, or to any relief whatsoever;

c) The '216 patent is unenforceable against FileMaker;

d) The '216 patent is invalid and void against FileMaker;

e) The '216 patent has never been, and is not now, infringed by FileMaker or by any other person using FileMaker's products in this judicial district or anywhere in the United States;

f) No damages or royalties are due or owing by FileMaker for any of the acts alleged by Uniloc in its Complaint;

g) This case is an exceptional case pursuant to 35 U.S.C. § 285, and FileMaker is accordingly awarded its reasonable attorneys' fees incurred in this action;

h) FileMaker is awarded its costs (including expert fees), disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

   i)  FileMaker is awarded such other relief as the Court may deem appropriate, just, and proper under the circumstances.


Dated: November 19, 2010           Respectfully submitted,

                      */s/Melissa Richards Smith*
                      Melissa Richards Smith
                      Texas State Bar No. 24001351
                      GILLAM & SMITH, L.L.P.
                      303 South Washington Avenue
                      Marshall, Texas 75670
                      Telephone: (903) 934-8450
                      Facsimile: (903) 934-9257
                      E-mail: melissa@gillamsmithlaw.com

                      ***ATTORNEY FOR DEFENDANT***
                      ***FILEMAKER, INC.***


## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail or facsimile transmission, on this the 19th day of November, 2010.

                      */s/Melissa Richards Smith*
                      Melissa Richards Smith