UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC. and<br><br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>               Plaintiffs,<br><br>V.<br><br>(1)  NATIONAL INSTRUMENTS CORP.;<br>(2)  PERVASIVE SOFTWARE, INC.;<br>(3)  ADOBE SYSTEMS, INC.;<br>(4)  FILEMAKER, INC.;<br>(5)  SAFENET, INC.;<br>(6)  CA, INC.;<br>(7)  PINNACLE SYSTEMS, INC.;<br>(8)  SONIC SOLUTIONS;<br>(9)  ONYX GRAPHICS, INC.;<br>(10)  SYMANTEC CORP.;<br>(11)  ALADDIN KNOWLEDGE SYSTEMS, INC.; and<br>(12)  ALADDIN KNOWLEDGE SYSTEMS, LTD. | Civ. Action No.: 6:10-cv-472<br><br>JURY TRIAL DEMAND |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
SUBSTITUTE PARTIES PURSUANT TO FED. R. CIV. P. 25(c)**

Defendants National Instruments Corp., Adobe Systems, Inc., Safenet, Inc., CA, Inc., Pinnacle Systems, Inc., Sonic Solutions, Onyx Graphics, Inc., Symantec Corp., Aladdin Knowledge Systems, Inc., and Aladdin Knowledge Systems, Ltd. (collectively "Defendants") respectfully submit this opposition to Plaintiffs Uniloc USA, Inc. and Uniloc Singapore Private Limited's (collectively "Uniloc") Motion to Substitute Uniloc Luxembourg S.A. ("Uniloc Luxembourg") for Uniloc Singapore Private Limited ("Uniloc (Singapore)") Pursuant to Fed. R. Civ. P. 25(c) ("Uniloc's Motion to Substitute" Dkt. 98). For the reasons set forth herein, Uniloc's request to remove Uniloc (Singapore) from this case should be denied. Discovery from

1

Uniloc (Singapore) is necessary at least because Uniloc (Singapore) owned the rights to U.S. Patent No. 5,490,216 ("the '216 Patent") while the '216 Patent was undergoing prosecution before the U.S. Patent and Trademark Office ("USPTO"). Removal of Uniloc (Singapore), a party that initiated this lawsuit and several others currently pending, would remove a foreign entity from the jurisdiction of this Court, thereby potentially denying Defendants access to relevant discovery from Uniloc (Singapore), or at a minimum needlessly increasing the costs of such discovery, as well as potentially undermining Defendants' effort in obtaining evidence to support their claims for relief against Uniloc. As previously discussed with Plaintiffs' counsel, Defendants do not oppose the joining of Uniloc Luxembourg as a plaintiff to this case. ButUniloc has not agreed to allow Defendants to seek discovery from Uniloc (Singapore) as though it were a party to this suit if it is replaced.

**I.     Introduction**

Uniloc (Singapore) is named as an assignee on the face of the '216 Patent. (Dkt. 1, Ex. A.) Uniloc (Singapore) negotiated and acquired its rights to the technology of the '216 Patent from the named inventor, Frederic B. Richardson, III, at least as early as January 27, 1994. (Dkt. 98, Ex. B.) Uniloc (Singapore) appears to be the owner of record when the patent application later issued in 1996 as the '216 Patent. Thus, during the prosecution of the '216 Patent, Uniloc (Singapore) was the owner of the patent application and was responsible for directing the course of prosecution of the application that issued as the '216 Patent. Uniloc (Singapore) has also litigated the '216 Patent since September 2003. In fact, it has been involved in numerous lawsuits in three judicial districts asserting the '216 Patent against a large number of parties, many of which have settled with Uniloc (Singapore), not the Luxembourg entity. One such case,

*Uniloc v. Microsoft,* is still pending in the District of Rhode Island.[1]  However, in the Rhode Island case, Uniloc (Singapore) still continues to be a party to that case and has not, at least yet, moved for the same entity substitution as requested in this case.

Uniloc (Singapore) now asserts that because it has transferred its rights to the '216 Patent to another entity it should be entitled to free itself from the jurisdiction of this Court.  Although Uniloc claims that Uniloc (Singapore) is a wholly-owned subsidiary of Uniloc Luxembourg, Uniloc (Singapore) has not provided any substantive evidence that Uniloc Luxembourg has acquired the rights to all of the assets of Uniloc (Singapore).  Similarly, Uniloc (Singapore) has not provided any evidence that Uniloc Luxembourg has assumed all of the liabilities of Uniloc (Singapore).

## II.   Argument

"[S]ubstitution under Rule 25 is appropriate when . . . substitution would facilitate the conduct of a case."  *Abraxis BioScience, Inc. v. Navinta LLC*, No. 07-1251, 2009 WL 904043, at *5 (D.N.J. March 30, 2009) (citing *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3d Cir. 1993)).  "The primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution will expedite and simplify the action."  *Advanced Marketing Grp., Inc. v. Business Payment Systems, Inc.*, No. 05 Civ. 9121, 2010 WL 3291588, at *4 (S.D.N.Y. Aug. 16, 2010).  Substitution here will not expedite and simplify the action.  To the contrary, it will only complicate matters for the Court and the Defendants, and potentially prejudice Defendants.

First, Uniloc (Singapore) should remain a party to this litigation because it has information relevant to the claims and defenses of this litigation.  For example, Uniloc

---

[1] *See Uniloc v. Microsoft*, No. 03-cv-440, Dkt. 444 (D.R.I. January 27, 2011) (order referring case to Judge Young of the District of Massachusetts, who is sitting by designation in District of Rhode Island).

(Singapore) will likely have information relevant to (1) the acquisition of the rights to the patent application that issued as the '216 Patent; (2) licensing activities associated with the '216 Patent, including at least negotiations between Uniloc (Singapore) and Uniloc USA, Inc., the alleged exclusive licensee of the '216 Patent; (3) commercialization efforts for the claimed technology of the '216 Patent; (4) licensing and/or settlement efforts associated with Uniloc's U.S. litigation efforts; (5) the involvement of Uniloc (Singapore) in the prosecution of the '216 Patent; and (6) the transfer of the '216 Patent to Uniloc Luxembourg.  Similarly, Uniloc (Singapore) will likely have documents relevant to the '216 Patent, such as tax forms and other financial papers relating to Uniloc (Singapore)'s valuation of the patent and collection of license fees.  It simply cannot be argued that Uniloc (Singapore) does not have discoverable information that is highly relevant to this litigation.

Thus, discovery pertaining to the prosecution of the '216 Patent will inevitably be directed towards Uniloc (Singapore), which is purportedly a distinct entity from any other Plaintiff entity.  While Uniloc (Singapore) remains subject to the jurisdiction of this Court, the Defendants' efforts will be governed under the Federal Rules of Civil Procedure.  If Uniloc (Singapore) is dismissed, however, obtaining discovery from the released Singapore entity, and its employees, officers and directors, will no longer be an activity under the subpoena power of this Court.  *See* Fed. R. Civ. P. 28(b).  Moreover, Defendants will be denied certain discovery rights that it would otherwise be entitled to under the Federal Rules of Evidence.  *See* U.S. Dept. of State, Singapore Judicial Assistance, available at <http://travel.state.gov/law/judicial/judicial_663.html> ("Singapore is **not** a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters.") (emphasis in original) (last visited March 15, 2011).  At the very minimum, this will

4

exponentially increase the difficulty and cost to Defendants in obtaining relevant discovery. Thus, removing the foreign entity that instituted these proceedings and that likely possesses critical relevant information would not facilitate the conduct of this case or simplify the action for the Court or the Defendants because it would add difficulty in obtaining discovery from a foreign non-party entity.  *See*, *e.g.*, *Luxliner P.L. Export, Co.*, 13 F.3d at 72 (Rule 25(c) "permits automatic continuation of a lawsuit against an original corporate party" when substitution would not facilitate the case.); *see also Mars, Inc. v. JCM American Corp.*, No. 05-3165, 2007 WL 776786, at *1 (D.N.J. March 9, 2007) ("[W]hen an interest has been transferred, the action may properly continue under the name of the transferor without any effect upon the outcome.").

Second, many Defendants have pending claims against Uniloc (Singapore) in this case,[2] including requests for attorneys fees under 35 U.S.C. § 285.  (*See*, *e.g.*, Dkt. 65)  However, Uniloc (Singapore) has not provided any evidence that Uniloc Luxembourg has acquired all of Uniloc (Singapore)'s assets and assumed all of its liabilities.  Thus, Uniloc's pending motion does not involve a merger that might otherwise justify typical substitution.  *Cf.*, *e.g.*, *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994) (allowing substitution of one corporate defendant for another after all assets purchased).  As such, there is no evidence that Defendants will be able to seek a full recovery for their counterclaims if Uniloc (Singapore) is removed as a party. Simply put, Uniloc (Singapore)'s apparent decision to sell some of its assets, after initiating this litigation against the Defendants, should not serve as a basis to impair the

---

2 Defendant Symantec Corp. filed a Motion to Dismiss for Improper Venue Pursuant to Rule 12(b)(3) (Dkt. 60), and has not yet filed an Answer to the Complaint.

Defendants' ability to pursue their full remedies against Uniloc (Singapore) in the United States as necessary.[3]

### III.     Conclusion

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion to Substitute be denied at least with respect to the removal of Uniloc (Singapore).  Granting plaintiff's motion *in toto* will result in a complication of matters for the Defendants (and this Court) and will potentially impair Defendants' rights.  Defendants also respectfully request that if the Court permits Uniloc's motion, then the alleged new patent owner, Uniloc Luxembourg, be joined, and not substituted, as a plaintiff.

---

[3] While plaintiffs have proffered evidence that Uniloc Luxembourg has acquired the '216 Patent, the value of that "asset" is in substantial doubt given that all of the claims of the '216 Patents have been presently rejected in a reexamination proceeding before the U.S. Patent and Trademark Office, and the Federal Circuit, in *Uniloc v. Microsoft*, __ F.3d __, 2011 WL 9378, at *28 (Fed. Cir. Jan. 4, 2011), has affirmed the Rhode Island Court's nullification of any prior damages award in Uniloc's favor.

Dated: March 18, 2011               Respectfully submitted,


                                     /s/ *Roderick M. Thompson*
                                    Roderick M. Thompson (*pro hac vice*)
                                    FARELLA BRAUN + MARTEL LLP
                                    235 Montgomery Street, 17th Floor
                                    San Francisco, CA 94104
                                    Telephone: (415) 954-4400
                                    Facsimile: (415) 954-4480
                                    Email: rthompson@fbm.com

                                    ATTORNEYS FOR DEFENDANT
                                    SONIC SOLUTIONS

Dated: March 18, 2011


                                     /s/ *David Healy*
                                    David Healy (S.B.N. 09327980)
                                    FISH & RICHARDSON P.C.
                                    1 Houston Center
                                    1221 McKinney Street, Suite 2800
                                    Houston, TX 77010
                                    Telephone: (713) 954-5300
                                    Facsimile: (713) 652-0109
                                    Email: healey@fr.com

                                    ATTORNEYS FOR DEFENDANTS
                                    NATIONAL INSTRUMENTS CORP.,
                                    ADOBE SYSTEMS, INC.,
                                    SAFENET, INC.,
                                    ALADDIN KNOWLEDGE SYSTEMS, INC.,
                                    ALADDIN KNOWLEDGE SYSTEMS, LTD.,
                                    ONYX GRAPHICS, INC., and
                                    PINNACLE SYSTEMS, INC.

Dated: March 18, 2011

    /s/ *John M. Guaragna*
John M. Guaragna
DLA PIPER LLP (US)
401 Congress Ave., Ste. 2500
Austin, TX 78701
Telephone:  (512) 457-7000
Facsimile:  (512) 457-7001
Email: john.guaragna@dlapiper.com

ATTORNEYS FOR DEFENDANT
CA, INC.

Dated: March 18, 2011

    /s/ *Yury Kapgan*
Yury Kapgan
LATHAM & WATKINS LLP
355 S. Grand Ave.
Los Angeles, CA 90071
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763
Email: yury.kapgan@lw.com

ATTORNEYS FOR DEFENDANT
SYMANTEC CORP.

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 18th day of March, 2011.

    /s/   *Roderick M. Thompson*
    Roderick M. Thompson