# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNILOC USA, INC., ET AL.** | § | |
| Plaintiffs, | § | |
| | § | |
| | § | **CASE NO. 6:10-CV-373** |
| **vs.** | § | **PATENT CASE** |
| | § | |
| **SONY CORPORATION OF AMERICA,** | § | |
| **ET AL.** | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| | § | |
| **UNILOC USA, INC., ET AL.** | § | |
| **Plaintiffs,** | § | |
| | § | **CASE NO. 6:10-CV-471** |
| **vs.** | § | **PATENT CASE** |
| | § | |
| **DISK DOCTORS LABS, INC., ET AL.** | § | |
| **Defendants.** | § | |
| | § | |

| | | |
|---|---|---|
| | § | |
| **UNILOC USA, INC., ET AL.** | § | |
| Plaintiffs, | § | |
| | § | **CASE NO. 6:10-CV-472** |
| **vs.** | § | **PATENT CASE** |
| | § | |
| **NATIONAL INSTURMENTS COPR., ET** | § | |
| **AL.** | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| | § | |
| **UNILOC USA, INC., ET AL.** | § | |
| **Plaintiffs,** | § | |
| | § | **CASE NO. 6:10-CV-591** |
| **vs.** | § | **PATENT CASE** |
| | § | |
| **ENGRASP, INC., ET AL.** | § | |
| **Defendants.** | § | |
| | § | |

| | | |
|---|---|---|
| **UNILOC USA, INC., ET AL.** | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | **CASE NO. 6:10-CV-636** |
| **vs.** | § | **PATENT CASE** |
| | § | |
| **BMC SOFTWARE, INC., ET AL.** | § | |
| **Defendants.** | § | |
| | § | |

| | | |
|---|---|---|
| **UNILOC USA, INC., ET AL.** | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | **CASE NO. 6:10-CV-691** |
| **vs.** | § | **PATENT CASE** |
| | § | |
| **FOXIT CORPORATION, ET AL.** | § | |
| **Defendants.** | § | |
| | § | |

| | | |
|---|---|---|
| **SYMANTEC CORPORATION, ET AL.** | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | **CASE NO. 6:11-CV-33** |
| **vs.** | § | **PATENT CASE** |
| | § | |
| **UNILOC USA, INC., ET AL.** | § | |
| **Defendants.** | § | |
| | § | |

## DISCOVERY ORDER

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Disclosures.** On or before the date indicated in the Docket Control Order, and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A.    the correct names of the parties to the lawsuit;

    B    the name, address, and telephone number of any potential parties;

    C.    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered

at trial);

D.  the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

E.  any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

F.  any settlement agreements relevant to the subject matter of this action;

G.  any statement of any party to the litigation;

2.  **Additional Disclosures.**  Each party shall provide to every other party the following information:

A.  the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

B.  to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[1], on or before the date indicated in the Docket Control Order and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action.  By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

C.  On or before the date indicated in the Docket Control Order, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3.  **Testifying Experts.**  Given the uncertainties as to the number of parties who will be proceeding to trial and the proper grouping of parties for trial, it is premature to determine how experts will be utilized at trial.  Therefore, the parties shall present their positions as to the total number of experts, and the division of "common" vs. individual experts among the Defendants in their post-Markman Order Notice that the cases are ready for a Management Conference.

---

[1]  The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

4.      **Discovery Limitations.**

A. **Interrogatories:** Plaintiff may serve up to fifteen (15) interrogatories collectively on the Defendants, and up to twenty (20) additional individual interrogatories per Defendant. The Defendants shall be allowed fifteen (15) collective interrogatories and twenty (20) additional individual interrogatories per Defendant.

B. **Requests for Admission:**   The following limits will apply to requests for admission served in this case:

(1)     Except as indicated below, Plaintiff may serve up to thirty five (35) requests for admission collectively on the Defendants[2] and up to thirty five (35) additional individual requests for each Defendant. The Defendants shall be allowed thirty five (35) collective requests for admission and thirty five (35) additional individual requests for admission per Defendant.  Defendants to make their best efforts to coordinate requests so as to avoid duplicative efforts.

(2)     Requests for admission regarding the admissibility of documents: The parties are allowed an unlimited number of requests for admission regarding authenticity or the admissibility of documents.   However, prior to serving any request for admission regarding the admissibility of documents, each party agrees to request that the opposing party stipulate to the authenticity or admissibility of such documents. If the opposing party fails to stipulate to the admissibility of all such documents within two weeks of such request for stipulation, the requesting party may serve on the opposing party requests for admission on all documents whose authenticity or admissibility has not been stipulated.

C.    **Third party subpoenas:**    The parties may serve subpoenas for third parties to produce documents. The parties will serve each other with copies of any third party subpoenas on the same day the subpoena or notice is served on the third party. The parties will serve each other with copies of any documents produced by third parties pursuant to subpoena within three (3) business days of receipt.   In no event shall a party serve such documents less than three (3) business days before any deposition of the third party from whom the documents were originally produced.

---

[2]   The terms "Defendants" and "Plaintiffs" in this Order refers to the named Plaintiffs and Defendants in each of the separate Uniloc actions.   The agreed upon limitations are limits for each separate case and are not limits for all the cases collectively.

D.    **Depositions:**    The parties agree to the following limits on depositions in this case:

(1)   Parties and Third-parties:    Each side, Plaintiff and Defendants collectively, may each take up to 150 hours of deposition testimony. This limit includes all depositions of parties and third-parties, but excludes expert witnesses.

(2)    Expert Witnesses:    Depositions of Expert witnesses shall be limited as follows. The parties agree to meet and confer in good faith regarding additional deposition time should a single expert be designated to testify on multiple subjects, such as infringement and validity.

The parties shall present their positions as to the limits for expert depositions in their post-Markman Order Notice that the cases are ready for a Management Conference.

A testifying expert's draft reports, notes, outlines, and any other writings leading up to his or her final report(s) in this case are exempt from discovery. In addition, all communications with, and all materials generated by, a testifying expert with respect to his work are exempt from discovery unless relied upon by the expert in forming his opinions. However, the expert must produce his or her final report and all materials on which he or she relied.

E.     **Modification of Deposition Limits**: The parties agree to meet and confer in good faith as necessary as discovery progresses regarding possible modifications to the deposition limitations set forth in paragraphs 4(D): The parties may petition the Court for additional time, upon a showing of specificity why more time is necessary. Prior to any Party requesting additional deposition hours from the Court, they are ordered to meet and confer and then submit a proposal to the Court at least 30 days before discovery is scheduled to close that demonstrates good cause for allowing the additional time.   Such a proposal should, in no more than five pages, briefly outline why more deposition time is necessary in light of a party's particular trial strategy and plan. The proposal should expressly state how much additional time is desired, the subject matter on which additional witnesses will be deposed (e.g., infringement liability, damages, willfulness, etc.) and the time frame in which the depositions will be carried out.   Should there be a request by Defendants to take the requested depositions together, or individually, this preference should be noted as well.

5.    **Privileged Information.**    There is no duty to disclose privileged documents or information.   However, the parties are directed to meet and confer concerning privileged

documents or information.   By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection.   If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.   The parties, and their law firms, need not log entries for materials or communications that are privileged or subject to protection as litigation preparation material related to current or prior litigation of the patent at issue.   In addition, if a party inadvertently fails to identify a document on the privilege log exchanged by the parties, such failure shall not be deemed a waiver of privilege.   Upon discovery, the party shall provide prompt written notice to the other party, identifying the document or information and the basis for any disputed claim of privileged as above.

6.     **Pre-trial Disclosures.**   By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

   A.     The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.
   B.     The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.
   C.     An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above.   Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7.     **Signature.**   The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8.      **Exchange of Disclosures.**   If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9.      **Notification of the Court.**   The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

10.     **Duty to Supplement.**   After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11.     **Requests for Production.**   Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary.   However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter.   The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

12.     **Discovery Disputes.**   Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f).   If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

13.     **Discovery Conferences.**   Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention.   Counsel shall promptly notify the Court of the results of the meeting.   Attendance by proxy is not permitted.   Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

14.     **No Excuses.**   A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.   Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.   Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

15.     **Protective Orders.**   A copy of the Court's standard protective order is available on the Court's website at www.txed.uscourts.gov entitled "Judge Davis Standard Protective Order."   A party may request that the Court issue the Protective Order.   However, a party may propose to modify the terms of the Protective Order for good cause.   The Court authorizes the parties to file any document that is subject to a protective order under seal.

As provided in P.R. 2-2, until a protective order is issued by the Court, documents marked with a "confidential" or some other confidential designation (such as "Confidential – Outside Attorneys Eyes Only") by the disclosing party shall be treated as "Outside Attorneys Eyes Only" and disclosure shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).

16. **Courtesy Paper Copies.**   Paper copies will not be accepted by this Court unless specifically requested.

17. **Hearing Notebooks.**   With the exception of *Markman* notebooks required in the Docket Control Order, hearing notebooks are no longer required or requested.   However, the Court may request hearing notebooks in specific instances.

18. **E-Filing.** The parties agree to accept service by electronic mail of all documents not filed with the Court. Except for good cause shown or as provided in the Local Rules, all documents (with exception of those documents referenced in the local rules) in cases pending in this Court shall be filed electronically. This includes notices of disclosure, notices of no privilege issues, proposed orders, and mediator's reports. The file in each case is maintained electronically. Neither the clerk's office nor the Court will maintain a paper file except as provided in the local rules.   All briefs and patents attached as exhibits to any filing submitted electronically shall be in searchable PDF format. Any other documents attached as exhibits to any filing submitted electronically should be in searchable PDF format whenever possible.

When filing electronically, the Court prefers and the Parties agree:

(i) that documents be published to PDF and then filed with the Court rather than filing scanned documents;
(ii) proposed orders be included as attachments to motions filed rather than incorporated within the body of the filed motion;
(iii) proposed orders should NOT contain an "it is so ordered" designation, signature line, or date line since this information is contained in the Judge's electronic signature stamp; and
(iv) proposed orders should NOT contain the word "Proposed" in the title of the document.

   **So ORDERED and SIGNED this 7th day of June, 2011.**



       **LEONARD DAVIS**
       **UNITED STATES DISTRICT JUDGE**