# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC., ET AL | § § § § | |
| Plaintiff, | | |
| vs. | § § § | CASE NO. 6:10-CV-373<br>PATENT CASE |
| SONY CORPORATION OF AMERICA, ET AL<br>Defendant. | § § | |

| | | |
|---|---|---|
| UNILOC USA, INC., ET AL | § § § § | |
| Plaintiff, | | |
| vs. | § § § | CASE NO. 6:10-CV-471<br>PATENT CASE |
| DISK DOCTORS LABS, INC. ET AL<br>Defendant. | § § | |

| | | |
|---|---|---|
| UNILOC USA, INC., ET AL | § § § § | |
| Plaintiff, | | |
| vs. | § § § | CASE NO. 6:10-CV-472<br>PATENT CASE |
| NATIONAL INSTRUMENTS CORP.<br>Defendant. | § § | |

| | | |
|---|---|---|
| UNILOC USA, INC., ET AL | § § § § | |
| Plaintiff, | | |
| vs. | § § § | CASE NO. 6:10-CV-591<br>PATENT CASE |
| ENGRASP, INC. ET AL<br>    Defendant. | § § § | |

| | | |
|---|---|---|
| UNILOC USA, INC., ET AL | § § § § | |
| Plaintiff, | | |
| vs. | § § § | CASE NO. 6:10-CV-636<br>PATENT CASE |
| BMC SOFTWARE, INC., ET AL<br>    Defendant. | § § § | |

| | | |
|---|---|---|
| UNILOC USA, INC., ET AL | § § § § | |
| Plaintiff, | | |
| vs. | § § § | CASE NO. 6:10-CV-691<br>PATENT CASE |
| FOXIT CORP., ET AL<br>    Defendant. | § § § | |

# ORDER

Before the Court are Uniloc USA, Inc. and Uniloc (Singapore) Private Limited's Motions To Substitute Parties Pursuant to Federal Rule of Civil Procedure 25(c). (*Uniloc USA, Inc. v. Sony Corp. of America*, No. 610cv373, Doc. No. 105, "MOTION;" *Uniloc USA, Inc. v. Disk Doctors Labs,*

2

*Inc.*, No. 610cv471, Doc. No. 130; *Uniloc USA Inc. v. National Instruments Corp.*, No. 610cv472, Doc. No. 98; *Uniloc USA, Inc. v. Engrasp, Inc.*, No. 610cv591, Doc. No. 120; *Uniloc USA, Inc. v. BMC Software, Inc.*, No. 610cv636, Doc. No. 45; *Uniloc USA, Inc. v. Foxit Corp.*, No. 610cv691; Doc. No. 53). Having considered the parties' submissions, the Court **DENIES** Uniloc's motions.

## BACKGROUND

Uniloc USA, Inc. ("Uniloc USA") and Uniloc (Singapore) Private Limited ("Uniloc Singapore") (collectively "Uniloc") move the Court to substitute Uniloc Luxembourg for Uniloc Singapore. MOTION at 1. Frederic Richardson III, the inventor of U.S. Patent No. 5,490,216 ("patent-in-suit"), sold and assigned all IP rights to the patent application that ultimately became the patent-in-suit to Uniloc Singapore. MOTION at 1. Uniloc Singapore oversaw the prosecution of the patent at the U.S. Patent and Trademark Office ("Patent Office"). (*Uniloc USA, Inc. v. Sony Corp. of America*, No. 610cv373, Doc. No. 112, "RESPONSE"at 1)[1]. In September 2003, Uniloc Singapore granted an exclusive license to the patent-in-suit to Uniloc USA, who subsequently filed suit in Rhode Island. RESPONSE at 2. The litigation in Rhode Island has twice gone to the Federal Circuit and has now been remanded and reassigned to the District Court of Massachusetts. MOTION at 2.

The Complaint in this case was filed by Uniloc USA and Uniloc Singapore. Through a subsequent reorganization, Uniloc Singapore is now a wholly owned subsidiary of Uniloc Luxembourg. *Id.* at 2. Uniloc Singapore is a holding company with no employees, officers or facilities; its sole asset is the patent-in-suit. (*Uniloc USA, Inc. v. Sony Corp. of America*, No.

---

[1] Defendants have filed responses that are virtually identical; thus, the Court will cite to the response filed in *Uniloc USA, Inc. v. Sony Corp. of* America, No. 610cv373, unless otherwise indicated.

610cv373, Doc. No. 115, "REPLY" at 3)[2]. Uniloc Singapore's board consists of Brad Davis (Uniloc USA) and Uniloc's local Singapore counsel. *Id.* at 4. On January 26, 2011, Uniloc Singapore assigned all rights, title and interest to the patent-in-suit to Uniloc Luxembourg. MOTION at 2. Uniloc Singapore has no remaining assets and will be dissolved into its parent company according to Singapore corporate law. REPLY at 4. Accordingly, Uniloc requests that Uniloc Luxembourg, as sole successor to the patent-in-suit, be substituted for Uniloc Singapore for all purposes of this litigation pursuant to FED.R.CIV.P. 25(c).

## ANALYSIS

"If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FED.R.CIV.P. 25(c). "Rule 25 does not substantively determine what actions survive the transfer of an interest; rather, it provides substitution procedures for an action that does survive." *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995).

Defendants oppose the request for substitution on two grounds. Defendants first contend that if Uniloc Singapore is dismissed from this action, this Court will release that entity from the jurisdiction of this Court, along with its personnel and documents, relinquishing the subpoena power of this Court over relevant discovery. RESPONSE at 4. Defendants assert that removing a foreign entity from the jurisdiction of the Court will increase both the cost and relative difficulty of obtaining discovery from a foreign non-party. *Id.* at 4. Defendants next contend that Uniloc has not provided evidence that Uniloc Luxembourg has assumed all assets *and* liabilities of Uniloc

---

[2] Plaintiff has filed one reply in all cases; thus, the Court will cite to the reply filed in *Uniloc USA, Inc. v. Sony Corp. of America*, No. 610cv373.

Singapore. *Id.* at 5. Accordingly, Defendants argue that dismissing Uniloc Singapore from this litigation will deprive Defendants of the ability to pursue all remedies available against Uniloc Singapore. *Id.*

Once Uniloc Singapore assigned the patent-in-suit to Uniloc Luxembourg, it had no remaining assets, employees, officers or facilities and, according to Uniloc's representation, Uniloc Singapore will cease to exist. Given that Uniloc Singapore has no employees or officers, Defendants are unlikely to be deprived of any deposition testimony in this case. While Uniloc Singapore has two Board members, one member, Brad Davis, currently sits on the Board of Uniloc USA and Luxembourg, while the other is merely Uniloc's local corporate counsel in Singapore. Assuming Mr. Davis has any relevant, non-privileged information, Defendants are free to notice his deposition.

Uniloc Singapore has also transferred a copy of all its non-public documents to Uniloc USA, a remaining plaintiff in this case; therefore, Defendants are unlikely to be deprived of any relevant discovery. Uniloc further represents that it will continue to provide discovery to Defendants as if Uniloc Singapore were the surviving entity. Uniloc also represents that Uniloc Luxembourg has assumed all of Uniloc Singapore's assets and liabilities. As such, Defendants are unlikely to be prevented from pursuing their counterclaims against either Uniloc USA or Luxembourg.

Despite the Court's inclination that Defendants are unlikely to be deprived of any relevant discovery or from pursing their full remedies by way of this substitution, the Court is cognizant of Defendants' concerns. Uniloc Singapore and Uniloc Luxembourg have conveyed a security agreement related to the patent-in-suit to a separate entity named IMF (Australia) Ltd. which Uniloc, with scant explanation, discounts as irrelevant. *See* (*Uniloc USA v. Engrasp, Inc*, 6:10cv591; Doc. No. 145 at Ex. A). A mere declaration from a member of Uniloc's board may have explained this

conveyance, but on the current record, the Court can not merely ignore the conveyance as irrelevant. Defendants also represent that Uniloc has failed to provide any information regarding why Uniloc Singapore changed from being a subsidiary of an Australian company, Uniloc Corporation Pty. Ltd., to a subsidiary of Uniloc Luxembourg, only to be later dissolved. *See* (*Uniloc USA, Inc. v. Foxit Corp.*, 610cv691; Doc. No. 3). Without more explanation or evidence, the Court can not fully determine the consequences, if any, the requested substitution will have on this litigation.

Accordingly, the Court **DENIES** Uniloc's motion to substitute Uniloc Luxembourg for Uniloc Singapore, *without prejudice*, until the details of the transaction between Uniloc Singapore and Uniloc Luxembourg can be discovered. In lieu of a wholesale substitution, the Court invites Uniloc to file a motion joining Uniloc Luxembourg as a plaintiff in this action.[3] The Court also cautions both Uniloc and Defendants from using this seemingly routine substitution procedure to shield any relevant discovery or to undermine the other sides ability from pursuing its claims. Should the Court find that Uniloc or Defendants have used this substitution procedure, or opposition thereof, to undermine the orderly resolution of this litigation, the Court will not hesitate to fashion an appropriate sanction.

**So ORDERED and SIGNED this 16th day of August, 2011.**



                           **LEONARD DAVIS**
                           **UNITED STATES DISTRICT JUDGE**

---

[3] Defendants have indicated that they are not opposed to such a joinder. *See e.g. Uniloc USA, Inc. v. Disk Doctors Labs, Inc.*, 610cv471, Doc. No. 147 at 5.